UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

v.                            Case No. 18-20075

D-1 Adam Dean Brown,             Sean F. Cox
                                    United States District Court Judge

     Defendant.

_____/

## MEMORANDUM ORDER REGARDING DEFENDANT'S MOTION FOR NEW COUNSEL AND MOTION TO ADJOURN TRIAL

A grand jury indicted Defendant Adam Dean Brown on five drug charges: (1) conspiracy to distribute and to possess with intent to distribute a controlled substance (death resulting) (Count I); (2) possession with intent to distribute a controlled substance (Count III); (3) possession with intent to distribute a controlled substance (Count IV); (4) distribution of a controlled substance (death resulting) (Count V); (5) distribution of a controlled substance (serious bodily injury resulting) (Count VI) (ECF No. 20).

On January 29, 2018, the Court appointed attorney Craig A. Daly to represent Brown. Daly quickly filed a request for discovery, (ECF No. 13), and successfully moved the Court to appoint various professionals to aid in Brown's defense. (ECF No. 15 and 18).

On May 30, 2018, Daly filed a motion to suppress, arguing that Brown's traffic stop and the seizure of his phone were invalid, and that Brown did not voluntarily waive his *Miranda* rights or consent to a search of his phone. (ECF No. 22). On July 18, 2018, the Court held a two-day evidentiary hearing on the motion to suppress. On the first day, Brown testified on his own behalf,

1

and City of Westland police officer Adam Tardif testified for the Government. Daly vigorously cross examined Tardif. (ECF No. 45, PageID 282-293, 296-298). The Court ultimately denied the motion to suppress. (ECF No. 51).

After denial of the motion to suppress, Daly continued to successfully move the Court for resources and discovery to aid Brown's defense. (ECF Nos. 65, 66, 71, 77). At the final pre-trial conference, the Government stated that it and Daly had negotiated two plea agreements to that point. Brown affirmed his knowledge and rejection of these offers, on the record. The Court set trial for August 20, 2019.

In advance of trial, Daly filed four motions *in limine* on Brown's behalf. (ECF No. 80, 81, 82, 103). He also opposed the Government's two motions *in lime*. (ECF No. 95, 96). The Court accepted some of Daly's arguments when ruling on these motions. (ECF No. 122).

As trial approached, Daly continued to successfully move the Court for resources to aid in Brown's defense, including expert appointments and writs of habeas corpus *ad testificandum* for defense witnesses. (ECF No. 109, 110). Daly also negotiated another plea offer from the Government, which Brown rejected, on the record, on August 8, 2019.

On August 6, 2019 – twenty months after Daly began representing Brown, and two weeks before trial is set to begin – Brown filed a *pro se* motion to remove Daly as his attorney. (ECF No. 124). Brown contends that there has a been a "breakdown in communication, bona-fide conflict of interest, and irreconcilable differences." Brown states that Daly "did not follow my request as it relates to ignoring my request for input into my defense and not pursuing exculpatory 'Brady' materials from the government in a timely fashion in order to defend properly." Brown "believes that [his] attorney has blatantly misrepresented case facts about investigating certain very critical

issues within my defense to me." Brown has also "repeatedly insisted that Mr. Daly obtain our own specialists to analyze medical data and historical phone data." Brown also informed the Court that he would be "filing a complaint with the Attorney Grievance Commission." (ECF No. 123, PageID 945).

On August 8, 2019, the Court held an extensive hearing on Brown's motion for a new attorney. Brown testified extensively at this hearing. The Court also heard from Daly and the Government. At this hearing, it became clear that Brown's main concerns were (1) his perception that Daly had not sought *Brady* material aggressively enough, (2) that a disagreement regarding the third plea offer had devolved into a conflict of interest, and (3) that he did not have enough time to put on a sufficient defense. Brown also informed the Court that he had not, in fact, filed a complaint against Daly with the Attorney Grievance Commission.

At the end of the hearing, the Court asked Brown if he wanted Daly to withdraw. Brown answered "No." Brown then requested an adjournment of the trial date.

## ANALYSIS

### I.    Motion for New Counsel

The disposition of a criminal defendant's motion for a new attorney is left to the Court's discretion. *See United States v. Price*, 761 Fed.App'x 568, 572 (6th Cir. 2019) ("We review the denial of these motions for abuse of discretion."). On appeal, the Sixth Circuit will consider: " (1) the timeliness of the motion, (2) the adequacy of the [district] court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice." *Id.* (quoting *United*

*States v. Mack,* 258 F.3d 548, 555-56 (6th Cir. 2001)). "[W]hen the granting of the defendant's request would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference." *United States v. Vasquez*, 560 F.3d 461, 467 (6th Cir. 2009) (alteration in original) (citation omitted).

*Timing*: This motion comes fourteen days before trial, which supports its denial. *See United States v. Chambers*, 441 F.3d 438, 447 (6th Cir. 2006) (finding that the timing factor did not support a claim that the district court abused its discretion when the defendant's request came approximately one and a half months before trial); *United States v. Watson*, 620 F. App'x 493, 501 (6th Cir. 2015) (same when nineteen days); *United States v. Fonville*, 422 F. App'x 473, 480 (6th Cir. 2011) (same when twenty-two days). Granting this request would certainly require a last-minute continuance because any new attorney would need additional time to prepare for trial.

*Inquiry:* The Court finds that any complaints about Daly's performance are "unfounded or unrealistic." *Price*, 761 F.App'x at 573. Brown states that Daly has a conflict of interest, but appears to be confusing that concept with a run-of-the-mill attorney-client disagreement over the third plea offer. "Proving a conflict of interest requires the defendant to show that his attorney had competing obligations and chose to favor one interest over another, to the detriment of the representation of the defendant." *United States v. Gandy*, 926 F.3d 248, 261 (6th Cir. 2019) (citing *Mickens v. Taylor*, 535 U.S. 162, 171 (2002)). Nothing that Brown has presented in his motion or at the hearing suggests that Daly has any competing interest. Rather, all of the information available shows that Daly and Brown have the same interest: to provide Brown with the best defense possible.

Further, Brown's assertion that Daly has not adequately pursued *Brady* material is belied by the record: roughly two weeks after accepting this appointment, Daly requested all *Brady* material

in the Government's possession. (ECF No. 13). And, at the August 8, 2019 hearing, the Government affirmed that it had fully complied with its *Brady* obligations and that Daly had vigorously pursued *Brady* material throughout this case.

Finally, Brown's assertion that Daly has failed to hire specialists is also belied by the record. Daly has hired all of the experts that Brown requested, including a toxicologist, a cell-site expert, an IT professional, and a private investigator.

Daly has zealously defended Brown throughout this case, and has spent significant time and resources to put forth a defense at trial. Brown does not point to any witnesses who should have been but were not interviewed, to documents or investigations that could have been but were not pursued, or to specific motions that should have been but were not filed. Rather, Brown's main problem with Daly's representation seems to be that, despite his best efforts, he did not negotiate a more favorable plea offer from the Government. The Court finds that all of Brown's complaints are baseless, and that Daly is exceptionally well-prepared for this trial. The Court is confident that Daly will continue to zealously represent Brown's best interests.

***Conflict***: Based on the statements made at the August 8, 2019 hearing, the Court finds that the purported conflict between Brown and Daly has not resulted in a total lack of communication that prevents an adequate defense and necessitates a substitution of counsel days before trial. *See Watson*, 620 Fed.App'x at 502. Although Brown might be unhappy with how some aspects of this case have unfolded, there is no indication that the attorney-client relationship has been harmed in any meaningful way.

***Public Interest***: The Court finds that the public's interest in the prompt and efficient administration of justice supports the denial of this motion. This case has been pending for almost

two years–far longer than the typical criminal case on this Court's docket. Moreover, the Government and the Court have already devoted substantial resources to this case. Finally, the Court concludes that this last-minute development may be an attempt by Brown to delay his trial, in hopes that the Government offers a more favorable plea.

Finally, the Court notes that, at the August 8, 2019 hearing, Brown stated that he did not want the Court to appoint new counsel for him.

For the above reasons, the Court will deny Brown's motion for new counsel.

**II.     Motion to Adjourn Trial**

At the August 8, 2019 hearing, Brown moved to adjourn the trial dates. The Court will deny this motion. This case has been pending for nearly two years and trial has been set or re-set six times. (ECF No. 10) (setting trial for April 3, 2018); (ECF No. 14) (setting trial for October 2, 2018); (ECF No. 52) (setting trial for February 26, 2019); (ECF No. 64) (setting trial for May 30, 2019); (ECF No. 73) (setting trial June 17, 2019); (ECF No. 87) (setting trial for August 20, 2019). Moreover, Brown's request for more time is based on a need for discovery that has already been met; as described at the August 8, 2018 hearing, Brown has already received all of the discovery he claims he lacks. And most of this discovery was disclosed months ago–enough time for Brown, his counsel, and his experts to incorporate it into his defense.

**CONCLUSION**

For these reasons, the Court **DENIES** the motion for new counsel.

The Court also **DENIES** Brown's request for an adjournment **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  August 9, 2019