UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                 Case No. 18-20075

Adam Dean Brown                              Honorable Sean F. Cox.

    Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO PROCEED PRO SE;
## AND JOHN CLARK'S MOTION TO WITHDRAW AS COUNSEL

Currently before the Court is Defendant, Adam Dean Brown's motion to proceed *pro se* (ECF No. 195) and his counsel, John Clark's motion to withdraw as counsel (ECF No. 199). The Court held a hearing on the motions on October 20, 2021. For the following reasons, the Court **DENIES** without prejudice Mr. Brown's motion to proceed *pro se* (ECF No. 195) and Mr. Clark's motion to withdraw as counsel. (ECF No. 199).

## BACKGROUND

During the course of this case, Mr. Brown has constantly sought to replace his competent and well-respected counsel only to then change his mind and want his counsel to continue to represent him. First, it was Mr. Craig Daly, who is an excellent criminal defense lawyer. (ECF Nos. 124, 125). As the transcripts will show, this continued through the trial that occurred in August of 2019. (ECF Nos. 141-148). Eventually after the trial concluded, per Mr. Brown's request, the Court replaced Mr. Daly with Mr. John Clark. (ECF Nos. 154, 164). In the Court's order replacing Mr. Daly, the Court stated that it ordered the Federal Community Defender's

1

Office to appoint Mr. Brown new counsel "with the understanding that Brown's new counsel will represent him for the remainder of his proceedings before this Court and on appeal." (ECF No. 164, at PageID 2641).

Mr. Brown appeared to be happy with Mr. Clark's representation for a while, but – just as with Mr. Daly – Mr. Brown grew dissatisfied when he disagreed with Mr. Clark's legal strategy. On January 27, 2021, Mr. Brown filed a request "to fire appointed counsel John Clark." (ECF No. 183). On June 24, 2021, the Court held a hearing on the matter and issued an order denying Mr. Brown's request. (ECF No. 189). As the transcript from that hearing shows, Mr. Brown apparently changed his mind and wanted Mr. Clark to continue to represent him through sentencing. (ECF No. 201).

Recently, but not surprisingly, Mr. Brown is again not satisfied with Mr. Clark's representation. On September 3, 2021, Mr. Brown filed an "Affidavit of Truth for Judicial Notice" (ECF No. 194), and, on September 21, 2021, Mr. Brown filed a "motion to proceed *pro se*" (ECF No. 195). In these filings, Mr. Brown stated that there is a "conflict" between him and Mr. Clark and requests "the immediate removal" of Mr. Clark. (ECF No. 195). In response, on September 29, 2021, Mr. Clark filed a motion to withdraw as counsel citing Mr. Brown's statements in these two filings as evidence of a breakdown in the attorney-client relationship. (ECF No. 199).

At the October 20, 2021 hearing, the Court sentenced Mr. Brown and had a hearing on the present motions. During the hearing on his motion to withdraw, Mr. Clark said he filed his motion in light of Mr. Brown's motion to proceed *pro se* and his related filings with the Court. (ECF No. 203, at PageID 2895). Regarding his motion to proceed *pro se*, Mr. Brown said that "now I don't care" whether Mr. Clark continues to represent him and that "Mr. Clark's a fine attorney. I feel he would do good in my appeal." (ECF No. 203, at PageID 2896).

## ANALYSIS

When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the Court must inquire into the reasons for the defendant's dissatisfaction with his current counsel. *U.S. v. Iles*, 906 F.2d 1122,1130-1131 (6th Cir. 1990). Here, the Court made such an inquiry at the June 24, 2020 and October 20, 2021 hearing. (ECF No. 203).

The Court has discretion to determine whether substitution of counsel is warranted. *U.S. v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999). The inquiry is the same whether the defendant moves to substitute counsel or defense counsel themselves move to withdraw.[1] *U.S. v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). Ultimately, the Court must determine "whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." *Iles*, 906 F.2d at 1130 n.8. "Further, consideration of such motions requires a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Id*. Importantly:

> The right to counsel of *choice*, unlike the *right* to counsel, however, is not absolute. An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel.

*Iles*, 906 F.2d at 1130-1131. A defendant must show "justifiable dissatisfaction" with his appointed counsel to warrant substitution of counsel. *Id*. (citing *Nerison v. Solem*, 715 F.2d 415, 418 (8th Cir. 1983).

---

[1] On appeal, the Sixth Circuit will consider: (1) the timeliness of the motion, (2) the adequacy of the district court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *United States v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001).

As has been the case repeatedly in the past, Mr. Brown has not shown such "justifiable dissatisfaction" in the present case. In his motion, Mr. Clark only cites to Mr. Brown's court filings as the evidence of the breakdown in the attorney-client relationship. (ECF No. 199, at PageID 2827). In those filings, Mr. Brown states there is a "conflict" between himself and Mr. Clark. (ECF No. 195). It is unclear from where this "conflict" stems – possibly either from Mr. Clark refusing to file a "misconduct and disability" complaint against this Court or from Mr. Brown possibly filing a lawsuit against Mr. Clark – however neither Mr. Brown nor Mr. Clark have presented any evidence that Mr. Brown has indeed filed such a lawsuit. (ECF Nos. 194, 195). Without more, a disagreement of opinion over legal strategy is not a conflict "so great that it result[s] in a total lack of communication preventing an adequate defense" at this late stage of the case. *Iles*, 906 F.2d at 1130 n.8. Furthermore, at the October 20, 2021 hearing regarding these motions, Mr. Brown repeatedly said that "now I don't even care" if Mr. Clark continued to represent him and that he felt that Mr. Clark "would do good in my appeal." (ECF No. 203, at PageID 2896).

From this Court's reading of the transcript from June 24, 2021, Mr. Brown disagreed with Mr. Clark's legal strategy in his case at that time. (ECF No. 201, at PageID 2839-2842). But when the Court questioned him on whether he wanted to proceed *pro se*, Mr. Brown stated that he wanted Mr. Clark to continue to represent him, and Mr. Clark did not object.

> THE COURT: Do you wish Mr. Clark to continue as counsel?
>
> THE DEFENDANT: If he has to represent me through sentencing, then, I guess that's what's going to have to be done. I don't want to come in here by myself.
>
> . . .
>
> THE COURT: Okay. A real simple question. You know, we've been doing this song and dance for two years about you and the revolving doors regarding representation. It's show time.
>
> THE DEFENDANT: All right.

4

> THE COURT: What do you want?
>
> THE DEFENDANT: I need representation.
>
> THE COURT: Okay.

(ECF No. 201, at PageID 2846-2847). It does not appear to the Court from either Mr. Brown's or Mr. Clark's motions that there has been a significant change in their relationship. Instead, it appears that Mr. Brown continues to be unhappy with the outcome of his trial and is continuing in his attempts to micromanage Mr. Clark's legal strategy. This appears to be the same issue Mr. Brown had with Mr. Daly: "it appears that Brown and [Mr. Daly] have differing opinions about certain aspects of the case, and that Brown disagrees with some of counsel's trial strategy." (ECF No. 164, at PageID 2640-2641).

"[T]he right to self-representation is not absolute." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015). "Even at the trial level, the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Id*. (internal citations removed). This case began in January of 2018 (ECF No. 1), and the verdict was reached on September 5, 2019 – over two years ago (ECF No. 140). The Court has already granted Mr. Brown's request to substitute counsel once. (ECF No. 164). On June 24, 2021, Mr. Brown reaffirmed that he wanted Mr. Clark to represent him and that he did not want to represent himself. (ECF No. 201, at PageID 2846-2847). On October 20, 2021, Mr. Brown said he doesn't care whether Mr. Clark continues to represent him and felt that Mr. Clark "would do good in my appeal." (ECF No. 203, at PageID 2896). The **victims** in this case need **closure**, and the public has an interest in "the prompt and efficient administration of justice." *Iles*, 906 F.2d at 1130 n.8. Especially in light of Mr. Brown's statements at the hearing that he "don't even care" about the outcome of this motion and he feels that Mr. Clark "would do good in my appeal" (ECF No. 203,

at PageID 2896), the Court does not find that Mr. Clark's withdrawal as counsel is warranted at this late stage of the proceedings.

"As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Lewis v. Alexander*, 987 F.2d 393, 394 (6th Cir. 1993). If Mr. Brown chooses to appeal, Mr. Clark and Mr. Brown can renew their motions in the Sixth Circuit.

For the reasons stated above, the Court **DENIES** without prejudice Defendant's motion to proceed *pro se* (ECF No. 195) and **DENIES** without prejudice John Clark's motion to withdraw as counsel (ECF No. 199).

**SO ORDERED**.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated:  October 21, 2021